UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-cv-151

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>CONSTRUCTION SYSTEMS, INC. OF LUMBERTON d/b/a CONSTRUCTION SYSTEMS, INC.,<br><br>　　　　　　　　　　Defendant. | **VERIFIED COMPLAINT** |

Plaintiff Great American Insurance Company, through its undersigned counsel, complaining of Defendant Construction Systems, Inc. of Lumberton d/b/a Construction Systems, Inc., hereby alleges as follows:

## PARTIES

1. Plaintiff Great American Insurance Company ("Great American" or "Plaintiff") is a corporation organized and existing under the laws of the State of Ohio, with a principal place of business located in Cincinnati, Ohio.

2. Upon information and belief, Defendant Construction Systems, Inc. of Lumberton d/b/a Construction Systems, Inc. ("Construction Systems" or "Defendant") is a corporation organized and existing under the law of the State of North Carolina, with a principal place of business located in Fayetteville, North Carolina.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Construction Systems pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between Great American and Construction Systems and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) in that Construction Systems has its principal place of business in Fayetteville, North Carolina and a substantial part of the events and omissions giving rise to this action occurred in this judicial district.

5. This action is being filed in accordance with all applicable statutes of limitation and/or repose.

6. Great American has met and otherwise fulfilled all conditions precedent to the filing of this action and the recovery of all claims, compensation, and relief alleged herein.

## GENERAL ALLEGATIONS

7. Great American realleges and incorporates by reference the allegations contained in paragraphs 1-6 of its Verified Complaint as if fully set forth herein.

8. Great American is licensed to conduct business as a contract surety in North Carolina.

9. At all relevant times alleged herein, Great American has been engaged in the business of issuing performance and payment bonds on behalf of construction contractors.

10. At all relevant times alleged herein, Construction Systems has been engaged in the business of general contracting pursuant to authorization provided by the North Carolina Licensing Board for General Contractors to engage in such business.

11. In order to obtain prime contracts with certain owners of construction projects, Construction Systems was required to furnish such owners with performance and payment bonds issued by a corporate surety licensed to issue bonds in North Carolina.

12. Construction Systems requested that Great American provide it with bonding services, including, without limitation, the provision of performance and payment bonds for North Carolina construction projects.

13. In consideration of and as an inducement for Great American to issue performance and payment bonds on Construction Systems' behalf, Construction Systems entered into an Agreement of Indemnity with Great American on or about June 8, 2008. A true and accurate copy of the Agreement of Indemnity is attached hereto as **Exhibit A** and incorporated herein by reference.

14. Construction Systems executed the Agreement of Indemnity through its President, R. Duane DeGaetano ("DeGaetano").

15. DeGaetano had actual or apparent authority to execute the Agreement of Indemnity on behalf of Construction Systems.

16. At the request of Construction Systems, and in reliance upon the Agreement of Indemnity, Great American, as surety, executed and furnished various performance and payment bonds on behalf of Construction Systems.

17. On or about August 25, 2014, and in connection with Construction Systems' contract with the City of Fayetteville for the F.A.S.T. Multi-Modal Center project (the "F.A.S.T. Project"), Great American, as surety, issued performance and payment bonds on behalf of Construction Systems, as principal, each bearing Bond No. 0470505 and each in the penal amount

of $11,625,000.00 (the "F.A.S.T. Project Bonds").  True and accurate copies of the F.A.S.T. Project Bonds are attached hereto as **Exhibit B** and incorporated herein by reference.

18. Great American has suffered loss in the form of attorneys' fees and other expenses incurred in defending payment bond claims and associated lawsuits asserted by various subcontractors of Construction Systems on the F.A.S.T. Project.  Such attorneys' fees are in an amount no less than $8,097.35.

19. On or about June 12, 2018, and in connection with Construction Systems' contract with the North Carolina Department of Transportation for the Division III Multi-Unit Office Building project (the "NCDOT Project"), Great American, as surety, issued performance and payment bonds on behalf of Construction Systems, as principal, each bearing Bond No. 2281385 and each in the penal amount of $1,385,750.00 (the "NCDOT Project Bonds").  True and accurate copies of the NCDOT Project Bonds are attached hereto as **Exhibit C** and incorporated herein by reference.

20. Great American has received payment bond claims from unpaid subcontractors of Construction Systems on the NCDOT Project.  Specifically, the following subcontractors have demanded payment from Great American in connection with the NCDOT Project:

    (a) Trinity Plumbing Company has submitted a claim for $9,535.55; and

    (b) East Coast Contracting, Inc. has submitted a claim for $40,429.03.

21. The aggregate amount of the Subcontractor payment claims Great American has received in connection with the NCDOT Project is $49,964.58.

22. On or about August 10, 2018, and in connection with Construction Systems' contract with the Trustees of Bladen Community College for the STEM Training Facility project (the "Bladen Community College Project"), Great American, as surety, issued performance and

4

payment bonds on behalf of Construction Systems, as principal, each bearing Bond No. 2618066 and each in the penal amount of $1,623,130.00 (the "Bladen Community College Project Bonds"). True and accurate copies of the Bladen Community College Project Bonds are attached hereto as **Exhibit D** and incorporated herein by reference.

23. Great American has received payment bond claims from unpaid subcontractors of Construction Systems on the Bladen Community College Project. Specifically, the following subcontractors have demanded payment from Great American in connection with the Bladen Community College Project:

> (a) Trinity Plumbing Company has submitted a claim for $4,024.70;
>
> (b) Allegiance Industries, Inc. has submitted a claim for $92,641.70;
>
> (c) Division X-Specialties, Inc. has submitted a claim for $1,905.49; and
>
> (d) Clayton Commercial Glazing LLC has submitted a claim for $14,216.80.

24. The aggregate amount of the Subcontractor payment claims Great American has received in connection with the Bladen Community College Project is $112,788.69.

25. On or about August 22, 2018, and in connection with Construction Systems' contract with the Trustees of Sandhills Community College for the Owens Auditorium Renovation – Main Campus project (the "Sandhills Community College Project"), Great American, as surety, issued performance and payment bonds on behalf of Construction Systems, as principal, each bearing Bond No. 2618071 and each in the penal amount of $3,750,229.00 (the "Sandhills Community College Project Bonds"). True and accurate copies of the Sandhills Community College Project Bonds are attached hereto as **Exhibit E** and incorporated herein by reference.

26. Great American has received payment bond claims from unpaid subcontractors of Construction Systems on the Sandhills Community College Project. Specifically, the following

subcontractors have demanded payment from Great American in connection with the Sandhills Community College Project:

      (a)      Learning Environments, Inc. has submitted a claim for $126,650.00; and

      (b)      Rice's Glass Co. has submitted a claim for $102,915.00.

27. The aggregate amount of the Subcontractor payment claims Great American has received in connection with the Sandhills Community College Project is $229,565.00.

28. It is possible that Great American will receive further payment bond claims on one or more of the bonded construction projects described in paragraphs 17-27 of this Verified Complaint.

29. Based upon Great American's investigation to-date, Great American has determined that as of the date of the filing of this Verified Complaint, it faces potential payment bond claims and expenses exceeding $400,415.62.

30. Pursuant to the SECOND paragraph of the Agreement of Indemnity, Construction Systems agreed, *inter alia*, as follows:

> The Undersigned … shall exonerate, indemnify, hold harmless and keep the Surety indemnified from and against any and all liability of losses, costs, and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs, consultant or expert fees, and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain by and incur (1) By reason of being requested to execute or procure, or having executed or procured the execution of Bonds on behalf of any of the Undersigned, (2) By reason of the failure of the Undersigned to perform or comply with any of the covenants or conditions of this Agreement or (3) In enforcing any of the terms, covenants or conditions of this Agreement. Payment by reason of the aforesaid causes shall be made to the Surety by the Undersigned, upon demand by the Surety, as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefor. The amount of such payment to the Surety by the Undersigned shall be determined by the Surety and the Surety's demand for payment hereunder may, at the Surety's option, be in addition to and not in lieu of or substitution for any other collateral that may have been previously deposited with Surety by or on behalf of the Undersigned.

31. On March 23, 2020, and pursuant to the Agreement of Indemnity, Great American demanded that Construction Systems provide collateral security in the amount of $638,182.00 in the form of cash or an Irrevocable Letter of Credit issued by a bank approved by Great American (the "Collateral Demand"). A true and accurate copy of the Collateral Demand is attached hereto as **Exhibit F** and incorporated herein by reference.

32. At the time the Collateral Demand was made, Great American faced liability to another Subcontractor of Construction Systems on the F.A.S.T. Project arising from a payment claim that Construction Systems satisfied after Great American's delivery of the Collateral Demand. The amount of collateral sought in this Verified Complaint has been reduced as a result of such payment.

33. Pursuant to the express terms of the SECOND paragraph of the Agreement of Indemnity, Great American is entitled to be collateralized by Construction Systems in an amount no less than $400,415.62.

34. Construction Systems has failed and refused to provide any collateral demanded by Great American in the Collateral Demand.

35. In order to bring this Verified Complaint, Great American has been compelled to retain legal services, has paid the employed law firm's reasonable attorneys' fees for its services, and has agreed to pay the employed law firm for its future attorneys' fees.

36. The Agreement of Indemnity provides that Great American may recover its attorneys' fees in prosecuting this action and in handling the claims arising from the F.A.S.T. Project Bonds, the NCDOT Project Bonds, the Bladen Community College Project Bonds, and the Sandhills Community College Project Bonds (collectively, the "Bonds").

37. Construction Systems is hereby notified that pursuant to N.C. Gen. Stat. § 6-21.2 and the terms of the Agreement of Indemnity, Great American intends to collect reasonable attorneys' fees in connection with this Civil Action. Construction Systems is further notified that pursuant to N.C. Gen. Stat. § 6-21.2, if payment of the outstanding amounts due to Great American are paid within five (5) days of service of this Verified Complaint upon Construction Systems, then attorneys' fees incurred in connection with this Civil Action may not be recovered; but if Construction Systems fails to pay the outstanding amounts due to Great American within five (5) days of service of this Verified Complaint upon Construction Systems, then Construction Systems will be liable for reasonable attorneys' fees incurred as a result of Great American's prosecution of this Civil Action in accordance with N.C. Gen. Stat. § 6-21.2, and Great American will seek payment of such attorneys' fees from Construction Systems.

### **FIRST CLAIM FOR RELIEF**
**(Breach of Contract/Specific Performance - Failure to Post Collateral Security)**

38. Great American realleges and incorporates by reference paragraphs 1-37 of its Verified Complaint as if set forth fully herein.

39. As stated in paragraph 30 of this Verified Complaint, Construction Systems agreed to collateralize Great American upon demand.

40. Pursuant to the SECOND paragraph of the Agreement of Indemnity, Construction Systems agreed to the following consequences of failing to collateralize Great American upon demand:

> The Undersigned acknowledge that the failure of the Undersigned to deposit with the Surety, immediately upon demand, the sum demanded by the Surety as payment shall cause irreparable harm to the Surety for which the Surety has no adequate remedy at law. The Undersigned agree that the Surety shall be entitled to injunctive relief for specific performance of any or all of the obligations of the Undersigned under this Agreement including the obligation to pay to the Surety the sum demanded and hereby waive any claims or defenses to the contrary.

41. Great American has complied with all of its duties under the Agreement of Indemnity.

42. Great American has received claims against it in connection with the performance and payment bonds that it issued for Construction Systems, and Great American has been damaged by the loss it has incurred and will continue to incur in investigating and paying claims.

43. Great American properly made demand upon Construction Systems pursuant to the express terms of the Agreement of Indemnity to post collateral security in the amount of $638,182.00.

44. Great American has reduced its Collateral Demand to $400,415.62 in recognition of a payment bond claim satisfied by Construction Systems after Great American's delivery of the Collateral Demand.

45. Construction Systems has failed and refused to post any collateral security in response to the Collateral Demand to secure Great American against any payments made or to be made by Great American under the Bonds. As a result, Construction Systems is in breach of its obligation to do so as set forth in the Agreement of Indemnity.

46. Great American, in accordance with the SECOND paragraph of the Agreement of Indemnity, is entitled to be fully collateralized by Construction Systems for Great American's obligations under the Bonds.

47. Unless the relief of specific performance requested below is granted at this time, Great American will not be adequately secured for its obligations under the Bonds.

48. Great American has suffered damages in the form of attorneys' fees and other expenses incurred in the defense of payment bond claims arising from the F.A.S.T. Project Bonds.

Since Great American is entitled to receive collateral prior to making any payments or incurring any loss, it has already suffered irreparable harm.

49. Great American is entitled to an immediate order of specific performance requiring Construction Systems to immediately post collateral security in the amount of $400,415.62 or as the evidence may otherwise establish.

WHEREFORE, Great American requests the entry of an order compelling Construction Systems to immediately and specifically perform their obligation under the Agreement of Indemnity to post collateral security in the amount of $400,415.62 or as the evidence may otherwise establish.

## SECOND CLAIM FOR RELIEF
(*Quia Timet* and Injunctive Relief)

50. Great American realleges and incorporates by reference paragraphs 1-49 of its Verified Complaint as if set forth fully herein.

51. As of the date of filing of this Verified Complaint, Great American faces significant exposure under the Bonds and has not received sufficient collateral from Construction Systems in accordance with the terms and conditions of the Agreement of Indemnity.

52. Great American justifiably fears that it will sustain significant losses and irreparable harm as a result of its issuance of the Bonds. Specifically, Great American may sustain losses in excess of $400,415.62 in the form of payment bond claims, attorneys' fees, costs, and expenses.

53. In accordance with the terms and conditions of the Agreement of Indemnity, and pursuant to the equitable doctrines of exoneration and *quia timet*, Great American is entitled to have Construction Systems place it immediately in funds sufficient to cover the losses it has sustained and will continue to sustain by virtue of its issuance of the Bonds.

54. Pursuant to the TENTH paragraph of the Agreement of Indemnity, Great American is also entitled to examine and copy the books, records, and accounts of Construction Systems and to be furnished with any information requested by Great American, including, without limitation, information concerning the payment of accounts.

55. Unless the assets of Construction Systems are marshalled, accounted for, and preserved, and its indemnity obligation to Great American collateralized by placing Great American into funds or otherwise, Great American's obligations under the Bonds, and its rights of exoneration and indemnification under the Agreement of Indemnity and the law, will not be adequately secured.

56. Great American is entitled to be placed into funds in the amount of $400,415.62 or as the evidence may otherwise establish, and to be fully collateralized by Construction Systems immediately and prior to making any further payments in discharge of its obligations under the Bonds.

57. Great American is without a plain, speedy, or adequate remedy at law which would serve to immediately exonerate, indemnify, and save it harmless for its actual and anticipated losses, and Great American would be irreparably and permanently injured unless this Court grants immediate injunctive and equitable relief. Further, unless injunctive and *quia timet* relief are granted immediately, Great American is fearful that Construction Systems might sell, transfer, dispose of, or otherwise divert or encumber their assets from being used to discharge their obligation to hold harmless and indemnify Great American, all to Great American's irreparable harm.

WHEREFORE, Great American requests the entry of an order granting mandatory and prohibitory injunctive relief against Construction Systems as follows:

A. Directing Construction Systems and its officers, directors, members, employees, executors, administrators, successors, and assigns, or anyone acting in concert with them or on their behalf, to:

   1. Immediately place Great American into funds in the amount of $400,415.62 or as the evidence may otherwise establish by money, property, liens, or other security interests in property, in order to collateralize Great American, serve as security for Great American's obligations under the Bonds, and hold harmless Great American pursuant to the Agreement of Indemnity;

   2. Render to Great American an immediate, full, and complete accounting of any and all assets owned by Construction Systems in which it has had an interest since January 1, 2020, and the disposition of same, to the extent such assets have not been previously disclosed;

   3. Allow Great American and/or its representatives immediate, full, and complete access to all financial books, records, and accounts which are maintained by Construction Systems or on its behalf, to the extent such access has not already been provided; and

   4. Indemnify and hold harmless Great American for any and all liabilities, losses, and expenses, including, without limitation, attorneys' fees, which have been and/or which may be incurred as a result of Great American's execution of the Bonds on Construction Systems' behalf.

B. Permanently enjoining and restraining Construction Systems and its officers, directors, members, employees, executors, administrators, successors, and assigns, or anyone acting in concert with them or on their behalf, from:

   1. Selling, transferring, or otherwise disposing of or encumbering their assets and property in any manner, form, or shape whatsoever; and

   2. Allowing their assets and property to be liened or otherwise encumbered, unless and until Great American shall be placed in funds or otherwise secured as required by the Agreement of Indemnity.

C. Awarding such further relief as the Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (Breach of Contract – Failure to Exonerate and to Indemnify)

58. Great American realleges and incorporates by reference paragraphs 1-57 of its Verified Complaint as if set forth fully herein.

59. Construction Systems agreed to indemnify, hold harmless, and keep Great American indemnified from and against any and all liability of losses, costs, and/or expenses of whatsoever kind or nature, including, but not limited to, interest, court costs, consultant, or expert fees, arising from Great Americans' issuance of the Bonds.

60. Great American has already incurred substantial expenses, and substantial claims have been made against the Bonds.

61. Great American has made a Collateral Demand against Construction Systems to pay Great American for its actual and anticipated losses in connection with the substantial claims that have been made against the Bonds.

62. Construction Systems has breached the Agreement of Indemnity by failing and refusing to comply with its obligation to pay Great American for losses upon demand.

63. Great American has been damaged by the expenses it has already incurred and will be further damaged by the payments it will be required to make.

64. Great American is entitled to recover its damages from Construction Systems in an amount yet to be determined but likely to be in excess of $400,415.62.

WHEREFORE, Great American seeks judgment against Construction Systems in the principal amount of $400,415.62 or those sums which the evidence may otherwise establish, plus all interest at the applicable pre-judgment rate on each payment, cost, and expense incurred by Great American, including, without limitations, attorneys' fees, as well as post-judgment interest

on the entire sum until paid, all as provided by the terms and conditions of the Agreement of Indemnity.

This the 13th day of April, 2020.

**POYNER SPRUILL LLP**

By: s/ Matthew C. Bouchard
Matthew C. Bouchard
N.C. State Bar No. 35995
mbouchard@poynerspruill.com
P.O. Box 1801 (27602-1801)
301 Fayetteville St., Suite 1900
Raleigh, NC  27601
Telephone: 919-783-2887
Facsimile:  919-783-1075

*Counsel for Plaintiff Great American Insurance Company*

**VERIFICATION**

STATE OF OHIO

COUNTY OF Hamilton

Holden F. Moore, an authorized agent of Plaintiff Great American Insurance Company, being first duly sworn, deposes and says that he has read the foregoing Verified Complaint and that he knows the contents thereof, that the same is true of his own knowledge, except as to the matters therein stated upon information and belief, and as to those matters, he believes them to be true.

*/s/ Holden F. Moore*

Holden F. Moore, Claim Representative
Great American Insurance Company

Sworn to and subscribed before me this the 2nd day of April, 2020.

*/s/ Christopher Wise*

Notary Public

My Commission Expires: N/A

Christopher J. Wise, Attorney At Law
NOTARY PUBLIC - STATE OF OHIO
My commission has no expiration date
Sec. 147.03 R.C.